# Exhibit D



**JOHN P. KANE**
+1 212.872.1006/fax: +1 212.872.1002
jkane@akingump.com

June 23, 2020

VIA E-MAIL (stipsosc2nddept@nycourts.gov)

The Honorable Lauren Norton Lerner
Queens County Family Court
151-20 Jamaica Ave.
Jamaica, NY 11432

    Re:    *Shvartsman v. Poznyak*, File No. 198633, Docket No. V-03558-20

Dear Judge Lerner:

    Our firm has been engaged by Ms. Nataliia Pozniak, Respondent in the above-named custody proceeding (the "Custody Proceedings") and the mother of ▅▅▅▅▅▅, in connection with the wrongful retention of her son in the United States.[1] This letter serves as notice that Ms. Pozniak is seeking the return of her child to Israel under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or "Convention"), as implemented by the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.*

    The background on the child's abduction by Mr. Shvartsman is as follows. Ms. Pozniak and her son, ▅▅▅▅▅▅, reside in Israel. Vladmir Shvartsman is ▅▅▅'s father. Mr. Shvartsman and ▅▅▅▅▅▅ are Israeli citizens and neither is a citizen of the United States. On or around July 19, 2019, Mr. Shvartsman and ▅▅▅▅▅▅ left Israel on what was supposed to be a vacation ending on or around September 1, 2019. Mr. Shvartsman and ▅▅▅ have remained in the United States, however, and Mr. Shvartsman has refused to return ▅▅▅ to Israel.

    Because ▅▅▅▅▅▅ has been unlawfully retained in the United States by his father, Ms. Pozniak is filing a petition for her son's return under the Hague Convention in the United States District Court of the Eastern District of New York. It is our understanding that this Court received a letter from the United States Department of State dated March 12, 2020 that Ms. Pozniak's counsel would keep this Court informed of the status of the petition for return of ▅▅▅ and that the filing of such a petition may affect the administration of the custody proceeding before you. A copy of that letter is attached hereto as **Exhibit A**. Thus, by this letter, under

---

[1] For the avoidance of doubt, we do not represent Ms. Pozniak in the Custody Proceedings, or any other proceedings before the Queens Family Court, and are not appearing on her behalf here. We are counsel to Ms. Pozniak in connection with her rights under the Hague Convention.

Case 1:20-cv-02956-AMD-RML   Document 1-6   Filed 07/03/20   Page 3 of 6 PageID #: 47



The Honorable Lauren Norton Lerner
June 23, 2020
Page 2

Article 16 of the Hague Convention, this Court has notice of a wrongful retention within the meaning of the Convention, and "shall not decide on the merits the rights of custody until it has been determined that the child is not to be returned under this Convention." *See also* Hague Int'l Child Abduction Convention; Text and Legal Analysis, 51 Fed. Reg. 10,494, 10,509 (Mar. 26, 1986) ("Article 16 bars a court in the country to which the child has been taken or in which the child has been retained from considering the merits of custody claims once it has received notice of the removal or retention of the child").

     We respectfully advise this Court that Ms. Pozniak's petition under the Convention will be filed in federal court as early as this week, and we hereby give this Court notice of the contemplated filing; "[a] court may get notice of a wrongful removal or retention in some manner other than the filing of a petition for return, for instance by communication . . . from the aggrieved party (either directly or through counsel)." *Id.*  In light of the foregoing, we respectfully request that this Court stay all proceedings that seek to determine the custodial rights of either parent over ▮▮▮▮▮▮▮ until Ms. Pozniak's upcoming petition under the Convention is adjudicated.

                                   Respectfully submitted,

                                   */s/ John P. Kane*

                                   John P. Kane

cc:    Asher Brian White

# EXHIBIT A



United States Department of State

Washington, D.C. 20520

March 12, 2020

The Honorable Lauren Norton Lerner
151-20 Jamaica Avenue
Jamaica, NY 11432

<u>RE</u>: Shvartsman Vs. Poznyak
Docket Number: V-03558-20

Dear Judge Lerner:

    I am writing to you because we understand that ▬▬▬▬▬▬▬▬▬▬▬▬▬ is currently the subject of a proceeding relating to custody before your court. You should therefore be aware that an application for the return of ▬▬▬▬▬▬▬ to Israel under the 1980 Hague Convention on the Civil Aspects of International Child Abduction (Convention) has been received by the Department of State, which serves as the U.S. Central Authority for the Convention. This fact may affect your administration of the custody proceeding before you.

    **Article 16** of the Convention provides that, "after receiving notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained *shall not decide on the merits of rights of custody* until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice." (Emphasis added)

    The Convention entered into force between the United States and Israel in 1991. The International Child Abduction Remedies Act, 22 U.S.C. § 9001 - 9111 (1988) (ICARA) implemented the Convention in the United States.[1] The U.S. Department of State, Office of Children's Issues, performs the functions of the Central Authority for the United States under the Convention.[2]

    In sum, **Article 16** requires that when a court considering custody of a child receives notice that an application for return of a child under the Convention has been received, it should defer any decision on the merits of rights of custody until an appropriate federal or state court has determined that the child is not to be returned under the Convention. The applicant, the applicant's counsel, or the Department's Country Officer should be able to keep you informed of the status of the petition for return of the child.

---

[1] U.S. Department of State regulations implementing the Convention and ICARA can be found at 22 C.F.R Part 94. The Convention is available at 51 Fed. Reg. 10503 (1986), and is a treaty of the United States within the meaning of Article II and VI of the U.S. Constitution.

[2] The U.S. Department of State, Office of Children's Issues, acts as the U.S. Central Authority for the Convention pursuant to the authority granted by Executive Order 12648 and 22 C.F.R § 94.2. The Central Authority carries out the functions ascribed to it in Article 7.

SENSITIVE BUT UNCLASSIFIED

This letter should not be construed as constituting an opinion of the United States or the Department of State, regarding the merits of custody or any other matter before the Queens Family Court. The sole purpose of this letter is to give the court notice that the U.S. Central Authority has received an application under the Convention and to draw the court's attention to relevant federal law, including the requirements of Article 16. Should you have any questions or need additional information, please do not hesitate to contact Country Officer Eric Swinn at 202-485-6119.

Please find below internet links to the primary source material for the Convention:

1) The text of the Convention and the Department of State's legal analysis of the Hague Convention published in the Federal Register on March 26, 1986 (Vol. 51, No. 58), at http://travel.state.gov/content/dam/childabduction/Legal_Analysis_of_the_Convention.pdf;

2) The U.S. implementing legislation for the Convention, ICARA, at http://travel.state.gov/content/dam/childabduction/International_Child_Abduction_Remedies_Act.pdf;

3) The official explanatory report of the Convention done by Elias Perez-Vera, at http://hcch.e-vision.nl/upload/expl28.pdf. The Perez-Vera report is recognized by the Hague Conference on Private International Law as the official history and commentary on the Convention and is a source of background on the meaning of its provisions.

Thank you for your consideration.

Sincerely,

*[signature]*

-for Scott Renner
Director
Office of Children's Issues

SENSITIVE BUT UNCLASSIFIED