## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

Marcus A. Nussbaum, Esq. (MN 9581)
FISHKIN, GURSHUMOV & NUSSBAUM, P.C.
3059 Brighton 7th Street, 1st Fl.
Brooklyn, NY 11235
Tel: 718-509-0609
Fax: 347-572-0439
mn@fgnlawfirm.com
*Attorneys for Respondent Vladimir Shvartsman*

| | |
|---|---|
| NATALIA POZNIAK,<br><br>*Petitioner,*<br><br>– vs. –<br><br>VLADIMIR SHVARTSMAN,<br><br>*Respondent.* | Docket No.: 1:20-cv-02956-AMD-RML<br><br>**RESPONSE TO PETITION FOR RETURN OF CHILD TO PETITIONER** |

Respondent, VLADIMIR SHVARTSMAN ("Respondent") through his undersigned attorneys, Fishkin, Gurshumov & Nussbaum, P.C., responds to the Petition for Return of Child to Petitioner (the "Petition") herein as follows:

### GENERAL RESPONSES TO PETITIONER'S ALLEGATIONS

The Petition improperly mixes multiple factual averments together in a given paragraph and/or mixes factual averments together with legal argument and rhetoric such that admissions or denials of specific factual averments are difficult or impossible to make. Moreover, many of the allegations in the Petition are overbroad, vague, or conclusory. All responses herein are provided based on information reasonably available to Respondent, counsel's investigation of reasonably available information, and/or upon information and belief. Any admission as to any allegation or set of allegations does not constitute an admission that Respondent had knowledge or information

1

concerning the facts alleged at any time prior to the filing of the Petition unless explicitly admitted herein.

By referring to or admitting the existence of any documents quoted, described, or otherwise referenced in the Petition, Respondent does not acknowledge or concede that such documents are what they purport to be, are accurate as to their substance, constitute business or personal records within the meaning of the Federal Rules of Evidence, or are otherwise admissible on any other basis, unless specifically stated so herein.

By referring to or admitting the existence of any document quoted, described, or otherwise referenced in the Petition, Respondent does not acknowledge or concede that Respondent has any knowledge or information concerning the document quoted, described, or otherwise referenced at any particular point in time prior to the filing of the Petition, unless explicitly admitted herein.

These comments and objections are incorporated, to the extent applicable, into each numbered paragraph of this Response. For the avoidance of doubt, all allegations in the Petition are denied unless specifically admitted and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or the like which are contained in the averment or in the Petition as a whole. All headings, subheadings, and other statements made by Petitioner that are not designated by a numbered paragraph are hereby expressly denied.

All averments herein are not intended to be comprehensive but are merely examples, and the failure to include averments or any particular averment in response to particular allegations does not mean that such averments or other facts do not apply to rebut those allegations.
Respondent reserves the right to further amend his responses and averments at a later date.

2

## ANSWERING PARTIES AND JURISDICTION

1.     With regard to the allegations contained in paragraph "1" of the Petition, which state Petitioner's legal conclusions, no response is required. Respondent denies that Petitioner lawfully resides in Israel and denies that Respondent wrongfully retained, abducted and/or otherwise brought his nine-year-old son to the United States without Petitioner's consent; denies that Respondent unilaterally chose to retain the child in the United States, denies the existence of an agreement to return the child to Israel; and denies the existence Petitioner's custodial rights under Israeli law. Respondent denies all other allegations in paragraph "1" of the petition.

2.      With regard to the allegations contained in paragraph "2" of the Petition, which state the basis for relief sought under the petition and/or Petitioner's legal conclusions, no response is required. To the extent a response is required, Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "2" of the Petition.

3.     With regard to the allegations contained in paragraph "3" of the Petition, which state the basis for relief sought under the petition and/or Petitioner's legal conclusions, no response is required. To the extent a response is required, Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "3" of the Petition.

4.     With regard to the allegations contained in paragraph "4" of the Petition, which state the basis for relief sought under the petition and/or Petitioner's legal conclusions, no response is required. To the extent a response is required, Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "4" of the Petition.

5.     With regard to the allegations contained in paragraph "5" of the Petition, which state the basis for relief sought under the petition and/or Petitioner's legal conclusions, no response is required. To the extent a response is required, Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "5" of the Petition.

**JURISDICTION AND VENUE**

6. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "6" of the Petition.

7. With regard to the allegations contained in paragraph "7" of the Petition, Respondent admits that both Respondent and the Child reside in this District.

**PARTIES**

8. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "8" of the Petition, except that Respondent notes that Petitioner herself admits that she does not have Israeli citizenship.

9. With regard to the allegations contained in paragraph "9" of the Petition, Respondent admits that he was born in Kazakhstan in 1977; that he is an Israeli citizen and a permanent resident of United States (green card holder); and that he currently resides in Fresh Meadows, Queens in New York with his wife, two (2) step-daughters, his son (S.P.) and the daughter of his current wife.

10. With regard to the allegations contained in paragraph "10" of the Petition, Respondent specifically admits that: the Child is the biological son of Petitioner and Respondent; was born in Ukraine in June 2011; that the Child is an Israeli citizen. Respondent denies knowledge or information sufficient to form a belief as to the existence of the Child's alleged Ukrainian citizenship. Respondent denies that Respondent wrongfully retained the Child in the United States in September 2019 and denies all other allegations in paragraph "10" of the Petition.

**FACTUAL ALLEGATIONS**

*A. Background*

11. Respondent admits the allegation in paragraph "11" of the Petition.

12. Respondent admits the allegation in paragraph "12" of the Petition.

13. With regard to the allegations contained in paragraph "13" of the Petition, Respondent specifically admits that Petitioner visited Respondent in Israel in or about August of 2010 and that subsequent thereto, Petitioner informed Respondent that she was pregnant. Respondent denies all other allegations in paragraph "13" of the Petition.

14. With regard to the allegations contained in paragraph "14" of the Petition, Respondent specifically admits that Petitioner gave birth to S.P. in Lugansk, Ukraine and that the Child's birth certificate identifies Petitioner as his mother and incorrectly lists "Vladimir Pozniak" as his father. With regard to the allegations contained in paragraph "14" of the Petition, which state Petitioner's legal conclusions, no response is required. To the extent a response is required, Respondent denies knowledge or information sufficient to form a belief as to all other allegations in paragraph "14" of the Petition.

15. Respondent denies all allegations in paragraph "15" of the Petition.

16. Respondent denies all allegations in paragraph "16" of the Petition.

17. With regard to the allegations contained in paragraph "17" of the Petition, Respondent specifically admits that the he purchased plane tickets for Petitioner and the Child to travel to Israel. Respondent denies all other allegations in paragraph "17" of the Petition.

18. With regard to the allegations contained in paragraph "18" of the Petition, Respondent admits that the Petitioner arrived in Israel in 2012 where she was allowed to occupy a floor in Respondent's home, and that the Child resided with Respondent. Respondent denies all other allegations in paragraph "18" of the Petition.

19. With regard to the allegations contained in paragraph "19" of the Petition, Respondent denies the existence of any romantic relationship with Petitioner. Respondent denies knowledge or information sufficient to form a belief as to all other allegations in paragraph "19" of the Petition.

20. Respondent denies knowledge or information sufficient to form a belief as to all allegations in paragraph "20" of the Petition.

21. Respondent denies all allegations in paragraph "21" of the Petition.

22. Respondent admits the allegations in paragraph "22" of the Petition.

23. With regard to the allegations contained in paragraph "23" of the Petition, Respondent admits that he is a successful event planner. Respondent denies all other allegations in paragraph "23" of the petition.

24. Respondent denies all allegations in paragraph "24" of the Petition, except admits that Petitioner and Respondent lived in separate residences and that they intended for the Child to remain enrolled in the same kindergarten.

25. Respondent denies all allegations in paragraph "25" of the Petition.

26. Respondent denies all allegations in paragraph "26" of the Petition, except admits that the parties were not romantically involved and that they were living separately, and that they communicated openly about custody of the Child.

27. Respondent denies all allegations in paragraph "27" of the Petition, except admits that Respondent is Jewish; that S.P. began attending kindergarten in 2014 and elementary school in 2017; that at school, the Child's teachers had expressed some concern with "his difficulties in learning and functioning"; that S.P. received therapy through horse-riding at a nearby educational nature center; and that he also participated in several sports and activities at his local community center, including soccer and karate.

28. Respondent admits the allegations in paragraph "28" of the Petition.

*B. Respondent's Travel to the United States Before 2019*

29. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "29" of the Petition, except admits that in or around November 2015, Respondent and the Child visited the United States for the first time for a sightseeing trip.

30. Respondent admits the allegations in paragraph "30" of the Petition.

31. Respondent denies all allegations in paragraph "31" of the Petition.

32. Respondent admits the allegations in paragraph "32" of the Petition, except denies that Respondent did not ask for Petitioner's consent to take S.P. on annual trips.

33. Respondent denies all allegations in paragraph "33" of the Petition, except admits that the Child attended day camp; that the Child traveled to Texas; and that during these trips, Petitioner would speak with S.P. every day and confirm that the Child's accounts of the day matched Respondent's purported itinerary.

34. Respondent denies all allegations in paragraph "34" of the Petition.

35. Respondent denies all allegations in paragraph "35" of the Petition, except admits that in July 2017, Respondent's elderly mother passed away.

36. Respondent admits the allegations in paragraph "36" of the Petition, except denies that Respondent stayed with a girlfriend in New York during those times in that Respondent stayed with his wife.

37. Respondent denies all allegations in paragraph "37" of the Petition, except admits that a parent-teacher school conference took place in May of 2019 where it was expressed by school staff that S.P. had an "imbalance" in his emotional life. Respondent denies and objects to Petitioner's characterization of the basis for such alleged imbalance.

38. Respondent denies all allegations in paragraph "38" of the Petition.

*C. Respondent's (alleged) Wrongful Retention of the Child in the United States in 2019 and 2020*

39. Respondent denies all allegations in paragraph "39" of the Petition, except admits that Respondent decided to take S.P. on another trip to the United States in July 2019.

40. Respondent denies all allegations in paragraph "40" of the Petition, except admits that Respondent intended to take S.P. on a cruise.

41. Respondent denies all allegations in paragraph "41" of the Petition, except admits that Petitioner had a temporary resident card.

42. Respondent denies all allegations in paragraph "42" of the Petition, except admits that Petitioner ultimately did not object to the trip.

43. Respondent denies all allegations in paragraph "43" of the Petition, except admits that the parties established that Respondent and S.P. would leave on July 19, 2019.

44. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "44" of the Petition.

45. Respondent denies all allegations in paragraph "45" of the Petition.

46. Respondent denies all allegations in paragraph "46" of the Petition.

47. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "47" of the Petition.

48. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "48" of the Petition, except admits that on July 19, 2019, Respondent left Israel for New York with the Child.

49. Respondent denies all allegations in paragraph "49" of the Petition, except admits that around one week after S.P. left, that Petitioner and Respondent communicated. Respondent specifically denies and objects to Petitioner's characterization of the communications.

50. Respondent denies all allegations in paragraph "50" of the Petition, except admits that Petitioner and Respondent communicated. Respondent specifically denies and objects to Petitioner's characterization of the communications.

51. Respondent denies all allegations in paragraph "51" of the Petition, except admits that Respondent did not return with the Child by September 1, 2019.

### D. Respondent's Refusal to Return the Child to Israel

52. Respondent denies all allegations in paragraph "52" of the Petition.

53. Respondent denies all allegations in paragraph "53" of the Petition.

54. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "54" of the Petition.

55. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "55" of the Petition.

56. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "56" of the Petition.

57. Respondent denies all allegations in paragraph "57" of the Petition, except admits that Petitioner and Respondent communicated. Respondent specifically denies and objects to Petitioner's characterization of the communications.

58. Respondent denies all allegations in paragraph "58" of the Petition.

59. Respondent admits all allegations in paragraph "59" of the Petition, with the exception being Petitioner's allegation that: a) despite Petitioner's constant objections, Respondent has not returned the Child; and b) the Family Court Petition contains many fabrications, including untrue allegations that Respondent was always S.P.'s primary caretaker, that Petitioner had "alcohol related issues," and that Respondent was unaware of any other country seeking return of the Child.

60. Respondent admits all allegations in paragraph "60" of the Petition, with the exception that Petitioner is able to communicate with S.P. through WhatsApp calls and text messages.

61. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "61" of the Petition.

62. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "62" of the Petition.

63. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "63" of the Petition.

64. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "64" of the Petition.

65. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "65" of the Petition.

66. Respondent denies all allegations in paragraph "66" of the Petition.

67. Respondent denies all allegations in paragraph "67" of the Petition.

68. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "68" of the Petition.

69. Respondent denies all allegations in paragraph "69" of the Petition.

70. Respondent denies all allegations in paragraph "70" of the Petition.

71. Respondent denies all allegations in paragraph "71" of the Petition, except that the Child resides at 5819 188th Street, Fresh Meadows, NY, 11365.

72. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "72" of the Petition, except admits that the Child is now nine years old.

73. Respondent denies all allegations in paragraph "73" of the Petition.

74. Respondent denies all allegations in paragraph "74" of the Petition.

75. Respondent denies all allegations in paragraph "75" of the Petition.

76. Respondent denies all allegations in paragraph "76" of the Petition.

77. Respondent denies knowledge or information sufficient to form a belief as to the allegations in paragraph "77" of the Petition.

**WHEREFORE**, it is requested that the Court dismiss the Petitioner's Petition in its entirety, on the merits, and with prejudice, and award such other relief as the Court may find to be just and equitable.

## JURY TRIAL DEMAND

Respondent demands a jury trial on all claims herein.

## FOR HIS AFFIRMATIVE DEFENSES, RESPONDENT ALLEGES AS FOLLOWS:

## FIRST AFFIRMATIVE DEFENSE

Petitioner's Petition fails to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Petitioner was not exercising any custody rights in Israel at the time of removal and retention of the Child in the United States.

## THIRD AFFIRMATIVE DEFENSE

The Child does not wish to return to Israel and is sufficiently mature to express his opinion.

## FOURTH AFFIRMATIVE DEFENSE

The Petitioner agreed for the Child to reside in the United States.

## FIFTH AFFIRMATIVE DEFENSE

The Child's habitual residence is the United States.

## SIXTH AFFIRMATIVE DEFENSE

Even if such a wrongful removal were shown to have occurred in this instance (which is expressly denied), the relief sought in the Petition should not be granted on the basis of Article 13(b) of the Hague Convention. There is a grave risk that the Child's return to Israel would expose the Child to physical, psychological, and/or neurological harm, and/or otherwise place the Child in an intolerable situation.

## SEVENTH AFFIRMATIVE DEFENSE

The Child is well-settled with his father and his father's family in the United States.

## **RESERVATION OF RIGHTS**

Respondent hereby reserves the right to add additional affirmative defenses as may be appropriate during the pendency of this lawsuit.

Dated: Brooklyn, New York
August 28, 2020

/sMarcusAureliusNussbaum
Marcus A. Nussbaum, Esq. (MN 9581)
FISHKIN, GURSHUMOV &
NUSSBAUM, P.C.
3059 Brighton 7th Street, 1st Fl.
Brooklyn, NY 11235
Tel: 718-509-0609
Fax: 347-572-0439
mn@fgnlawfirm.com
*Attorneys for Respondent*
*Vladimir Shvartsman*

## **VERIFICATION**

I, Vladimir Shvartsman, am the Respondent in this action. I have read the annexed Response to the Petition and know the contents thereof, and I declare under penalty of perjury, pursuant to the laws of the United States of America, that the foregoing statements are true and correct to the best of my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

I declare under penalty of perjury that the foregoing is true and correct. (28 U.S.C. 1746)

Dated:  August 28, 2020

_____
Vladimir Shvartsman