

**JOHN P. KANE**
+1 212.872.1006/fax: +1 212.872.1002
jkane@akingump.com

January 4, 2021

VIA ELECTRONIC COURT FILING

Magistrate Judge Robert M. Levy
U.S. District Court in the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *Pozniak v. Shwartsman*, 20-cv-02956-AMD-RML

Dear Judge Levy:

    Our firm represents Petitioner Natalia Pozniak. We write to request that the Court compel Respondent to produce specific documents and information, or confirm that the requested documents and information do not exist, in compliance with this Court's prior orders and the Federal Rules of Civil Procedure (the "Rules"). As detailed below, we have requested Respondent's voluntary compliance with our requests for over a month with little success, and thus we are forced to seek the Court's assistance.

    Specifically, we have repeatedly asked Respondent for, and we are currently seeking the following documents and information that Rule 26 requires to be included with Dr. Kishinevsky's expert report: original copies of Dr. Kishinevsky's notes taken in connection with her evaluations of the Child, and a list of all other cases in which Dr. Kishinevsky testified as an expert at trial or by deposition over the past four years, including case citations and index numbers. It has been over one month since Petitioner asked for—and the Court ordered—a properly compliant expert report from Respondent. Since then, Respondent has provided scant information and documents that do not satisfy Rule 26, including what appears to be a recently-fabricated Word document that may or may not be a collection of excerpts from Dr. Kishinevsky's actual notes. But, Respondent still has not produced Dr. Kishinevsky's original notes. In addition, Respondent's continued delays in producing the required information has further prejudiced Petitioner, whose own expert lacks access to all "the facts or data considered by the witness" in forming his expert opinion. Rule 26(a)(2)(B)(ii). Moreover, these continued delays jeopardize Petitioner's ability to prepare for the January 25th trial before Judge Donnelly. Respondent should be compelled to produce these documents.



Magistrate Judge Robert M. Levy
U.S. District Court in the Eastern District of New York
January 4, 2021
Page 2

      Thus, Petitioner requests that the Court order the Respondent to produce the missing documents and information ***no later than January 8, 2021***.[1] To assist the Court, the following is the background of Petitioner's diligent efforts to obtain this information without Court intervention.

<u>Background Relating to Petitioner's Requests to Respondent regarding Expert Materials</u>

      Despite Petitioner's repeated requests, Respondent has not produced documents and information required by Rule 26. During the November 19, 2020 status conference with Judge Donnelly, Respondent's counsel informed the Court that he planned to introduce expert testimony from the Child's psychiatrist in support of his "grave risk" defense. In response, we stated our belief that the psychiatrist's report did not comply with Rule 26. *See* Nov. 19, 2020 Tr. at 11:7–11. Respondent's counsel then requested additional time to prepare the report in compliance with Rule 26, and the Court ordered Respondent to submit "all expert reports" to us by December 2, 2020. On December 1, 2020, Petitioner requested that the Court adjourn the then December 14 trial date, in part because Petitioner's rebuttal expert would need more time to prepare and submit a report and prepare for trial. *See* ECF No. 41. The Court granted the request and adjourned the trial to January 25, 2021.

      On December 2, 2020, Respondent provided certain materials, including Dr. Vera Kishinevsky's expert report (the "<u>Expert Materials</u>").[2] The Expert Materials were markedly deficient, and on December 9, 2020, we requested that Respondent provide the missing information required by Rule 26(a)(2)(B).[3] Specifically, we asked that Respondent provide all information required by Rule 26(a)(2)(B), including the facts or data considered by Dr. Kishinevsky, such as any notes taken during the family therapy sessions upon which Dr. Kishinevsky's expert opinion was based.

---

[1] Petitioner reserves her right to move to preclude the proffered testimony of Dr. Kishinevsky if Respondent does not meet this deadline. *See Capricorn Mgmt. Sys., Inc. v. Gov't Employees Ins. Co.*, No. 15-CV-2926 (DRH) (SIL), 2019 WL 5694256, at *3 (E.D.N.Y. July 22, 2019), *report and recommendation adopted*, No. 15-CV-2926 (DRH) (SIL), 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020) (precluding experts from offering testimony because their reports did not include the facts and data relied upon and prejudiced the opposing party).

[2] A true and correct copy of the Expert Materials is attached hereto as <u>Exhibit A</u>.

[3] A true and correct copy of that December 9, 2020 email is attached hereto as <u>Exhibit B</u>.



Magistrate Judge Robert M. Levy
U.S. District Court in the Eastern District of New York
January 4, 2021
Page 3

On December 17, 2020, Respondent's counsel supplied certain information regarding prior cases in which Dr. Kishinevsky had testified,[4] but later added that Dr. Kishinevsky did not know the docket numbers of the cases in which she had testified and was "not sure" what court the matters were heard in.  *See* Ex. C.  On December 18, 2020, Respondent's counsel provided Dr. Kishinevsky's "treatment notes."  *See* Ex. C.  The information Respondent's counsel provided regarding the prior cases was deficient, and, based on information and belief, the "treatment notes" was not a copy of extant documents but was in fact a recently-fabricated Word document that may or may not be a collection of excerpts from actual notes.  As such, on December 18 and 21, 2020, we raised multiple questions regarding Dr. Kishinevsky's "treatment notes" and requested that Respondent provide Dr. Kishinevsky's original notes.  *See* Ex. C.  During a December 24, 2020 phone call, Respondent's counsel indicated that he was unsure whether the "treatment notes" document he had provided on December 18, 2020 was written contemporaneously with Dr. Kishinevsky's sessions with the Child or if it was a summary of those contemporaneous notes but stated he would find out.  To date, Respondent's counsel has not responded to us on this issue.

As Petitioner stated in multiple emails, these additional materials fell far short of the requirements of the Rule, and Respondent has still not addressed the deficiencies or provided the requested documents and information.  Thus, Petitioner respectfully requests a telephonic conference with the Court to resolve these issues.

Respectfully,

*/s/ John P. Kane*

John P. Kane

Attachments

cc:   Marcus Nussbaum

---

[4] A true and correct copy of that December 17, 2020 email is attached hereto as <u>Exhibit C</u>.